Chief Justice Robertson
delivered the Opinion of the Court.
Samuel E. Combs, alleging partial payments, and claiming a set off, equal altogether to the aggregate amount of several promissory notes which he had given.to Bush-rod Bosweli and others whilst they were copartners in trade, enjoined a judgment which they had obtained on one of the notes, and prayed for a surrender of the other notes and a perpetuation of the injunction. On the final hearing of the canse, the circuit court decreed a surrender of the notes which had not been merged in the judgment, and also decreed a partial perpetuation of the injunction to the judgment, and a dissolution as to the residue, with damages, and costs.
Combs now seeks the reversal of that decree, and has assigned the following errors:—
‘‘First. The court erred in dissolving the injunction for any part of the sum enjoined.”
Note of one partner, and a-greeuient v ith him, relied on as a set off against the firm, and grounds on tvhioh it is resisted.
The testimony of one witness prevails against the denial of an answer, sworn to only by a defendant who has no personal knowledge of •the facts..
Other facts, as to the set off.
“Second. The injunction was dissolved for too large a sum ”
'■'■Third The damages decreed exceed ten per cent, on the amount enjoined ”
“Fourth, The court erred- in decreeing costs against the complainant.”
The facts exhibited in the record, would not justify a perpetuation of the entire injunction; but, in other respects, the decree is, in the opinion of this court, erroneous as charged in the second, third and fourth errors as assigned.
First. As to the second error, the only ground for co troversv, is a no'e for one hundred and fifty dollars, which Bushrod Boswell had given to Combs, and for which the latter claims a credit on the judgment against him The bill alleges, that the note was given for a sorrel horse, which Combs sold to 'Bushrod Boswell, and that the contract between the parties to the note was, that if, on a settlement, anv thing should remain due from Comhs to^the firm of P. Boswell and company, Boswell’s individual note for one hundred and fifty dollars, or so much thereof as should be necessary, should he applied as a credit on the copartnership debt. The joint answer of the defendants denies that there was anv such agreement for a credit; insists that prior to the sale of the horse, the copartnership had been dissolved; denies the authority of Bnshrod Boswell'to bind his former associates by anv-such contract as that alleged, and avers that, upon the dissolution, Combs’notes had been delivered to B. Gratz, in trust for the credit- or® of the late firm.
The agreement, as changed, must Ke deemed to he suf-, ficientlv established by proof; -for although there is on-lv one witness to that fact, vet, as the answer was sworn to bv Gratz onlv, (who had no personal knowledge of the transaction,) one credible and positive witness, whose testimony is explicit. and circumstantial, should he enough to sustain the allegation of the bill.
It appears, that' the partnershi p had been dissolved, and that the notes on Combs had been deoosited with Gratz, for collection, prior to the sale of the horse to *475 Bnshrod Boswell. Hs.it there is not only neither proof nor even allegation, that the creditors were privy'to the alleged trust, or ever consented to it; but there is neither pr «of no alieg.itio >, th .t wombs h.tdaei.ai notice of the dissolution, nor tii.it, if he had had sucii notice, he also knew that Bnshrod Boswell hail no- authority to collect toe debts of the company. After dissolmion, the-partnership still exists for tbe purpose of settling its unsettled affairs, and, to that extent, anil that only, the preexisting authority of each partner still subsists, unless by the contract of dissolution, it shall have been, surrendered; and coa-eipiently a boaa Jide payment to one of the partners, even after notice of the dissolution, would exonerate the debtor — G-m on Part. 287 to 312 inclusive. II such partner had, by the terms of the dissolution, or otnerwise, surrendeied- his authority to-collect the dents of the firm, nevertheless, a payment to him would bind his associates, unless tiie debtor, when he niade such payment, had actual notice of the want of authority to receive. Gjw, 309, and n. 1, and the authorities therein cited. . Such’ notice might be inferred from circumstances. But there is no suificient ground for such an inference in this case, especially as no such notice has been even alleged. If a binding trust- had been confidedsto Gratz, that might have amounted to an implied surrender, by each partner, of authority to collect any of the debts. But, as before suggested, it does not sufficiently appear that there was such a trust, nor, if there had been, that Combs had notice of it. Moreover, after the alleged dissolution and deposite in trust, Combs had made large payments to Bushrod Boswell, which had been recognized, not only by Gratz, but by all the copartners.
The authority of each pmtuer to settle unclosed affairs of the firm, continues after the dissolution ; and a payment made to one.; an agreement made 'by one to set off a debt due the firm against his private debt, or other arrangement with one, for a settlement, binds all. — Uut if any partner, upon the disso . lution, agrees to surrender this authority, settlements by him with tKose having notice of his- agreement, will not bind the others.
The notice may be inferred front circumstanced.
Wherefore, the agreement respecting the hundred and fifty dollars, must be deemed as available to Combs against the judgment, as it would have been, bad it been made before, instead of after, tbe dissolution of the partnership. As charged - and as proved, the agreement should be deemed a valid arrangement for a contingent payment, pro tanto, and as binding on all the creditors as it would have been if it had been made directly with all *476 of them; and consequently, no extraneous fact, such as insolvency, or want of effectual legal,remedy, for the hundred and fifty dollars, is necessary to entitle Combs to a credit for that amount.
record in chanence not being domed, or assignment aileg-ed, win not preS'”.'1% o'6 Failure to exhibit' a' note in a
The act declaring, that if an injunction is dis solved,in whole or in part, the co mp’t shall pay-damages, besides costs, refers to the costs (of the motion §-c.l for ■ hicli comp’t is liable at the time of the dissolution. If he obtains even a partial relief on the final hearing, he recovers his costs, and is liable for co“t.s upon a total failure, as in other cases.
The note on Bushrod Boswell is not exhibited in the record, nor has its surrender been offered in the bill", p/(it the answer does not deny its existence, or intimate that it was ever discharged, or assigned away. It should therefore still be deemed to be due to Combs, and a per- # 1 petuation of the injunction for the amount of it would extinguish Boswell’s liability to Combs. It would be proper, however, as a precautionary measure to require the production and the surrender of the note. Wherefore, it seems to this court, that the circuit court erred in refusing to credit the judgment with the amount of Boswell’s note to Combs.
Second. The damages seem to have been computed on the amount supposed to be due at the time- of the decree, instead of the sum which, after deducting all proper credits, remained justly due when the judgment was enjoined. And in this there was also error. •
Third. As Combs was entitled tq, and obtained partial relief, he was entitled to a decree for costs, and was not liable to the defendants for costs. Doubtless the costs were decreed in this case, in consequence of a misconstruction of an awkard provision in the third section of an act of 1799, (2 Dig 670.) which is in these words: — “If the injunction is dissolved, in whole or in part, the complainant shall pay ten per cent, exclusive oflegal interest, upon the sum for which it shall he dissolved besides costs.’7 This provision applies to all dissolutions, whether on interlocutory motion, or on final hearing. And should he understood as meaning that upon dissolution, on final hearing or before, or in whole or in part, the complainant shall he liable for damages in addition to whatever cost he may be legally liable for at the. same time. If the injunction he dissolved on motion, the complainant should pay tpn per cent, and the costs incident to the motion. If he should, however, eventually succeed on the final hearing of his case, he would certainlv be entitled to a decree for the costs of the suit.' Should his injunction be whol *477 ly dissolved on final hearing, be would be liable for costs, as well as for ten per cent, damages. But if it should be perpetuated in part only, he should have adeciee for costs, because, by prosecuting bis suit be has, in invito, obtained some relief. Such, in the opinion ot tins court, is ttie more rational and consistent interpretation oí the statute; but even if it were not so, still, as it iias been the long and well etablished practical interpretation in this court, it should not now he shaken or questioned.
Wherefore, it is decreed by this court, that the decree of the circuit court be reversed, and the cause remanded, with instructions to render a decree in conformity with the principles of the foregoing opinion.